NOT FOR PUBLICATION (Doc. No. 1)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| RALPH MILLS, | |
| Plaintiff, | Civil No. 11-3548 (RBK/KMW) |
| v. | **OPINION** |
| SALEM MUNICIPAL COURT CLERKS, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter arises out of the alleged false arrest of pro se Plaintiff Ralph Mills by the Bridgeton Police Department. Plaintiff submitted a Complaint alleging a deprivation of Fourth Amendment rights under 28 U.S.C. § 1983. He also submitted an application to proceed in forma pauperis ("IFP") and an application for the appointment of pro bono counsel. (Doc. No. 1). This matter is before the Court pursuant to 28 U.S.C. § 1915(e)(2), which provides that if a litigant seeks to proceed IFP, the Court must review the merits of the complaint. Because the Court concludes that Plaintiff has limited financial resources, Plaintiff's application to proceed IFP is **GRANTED**. However, because the Complaint fails to state a claim for which relief can be granted, the Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's application for the appointment of pro bono counsel is **DENIED**.

**I. BACKGROUND**

Plaintiff alleges that in May 2011, he was arrested by the Bridgeton police pursuant to a

1

warrant issued "out of Salem and Lower Alloways Creek."[1] (Doc. No. 1). While in custody, Plaintiff told the arresting officer that the matter had been "taken care of" in 2009. (Id.). The arresting officer told Plaintiff that there was "nothing he could do," and took Plaintiff to the Salem County Jail. (Id.). Plaintiff claims that after a different officer at the Salem County Jail agreed to look into the matter, the officer handed him a piece of paper stating that "his case had already been heard" and a final decision had been reached.[2] (Id.).

Plaintiff filed a request with the Salem County Jail stating that his incarceration was a mistake. The jail's Social Rehabilitation Office responded that Plaintiff would be brought before a judge to explain his situation. (Doc. No. 1-2). Plaintiff claims he served a "total of 20 days, due to the courts [sic] [manipulating] [his] court dates." (Id.). Plaintiff was eventually released. However, he does not explain the circumstances of his release.

The remainder of Plaintiff's claims are unintelligible. Plaintiff alleges ". . . that [the clerks'] refusal to acknowledge what one of them had to enter back into the system, [sic] is a total violation, and they all should be prosecuted and a new clerks [sic] take their places." (Id.). Plaintiff also claims that the clerks "didn't do their job, and the reason for them not doing it was to cause [him] harm, which they did." (Id.). Plaintiff demands that "to keep it real, the salem [sic] municipal court is a criminal interprize [sic], and should be shut down." (Id.).

## II.   LEGAL STANDARD

The Third Circuit has established a two-step process for deciding applications to proceed IFP. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the court must

---

[1] It is difficult to determine from the Complaint exactly where the alleged warrant originated. Because Lower Alloways Creek is a township within Salem County, it is likely that the Lower Alloways Creek Police Department requested Plaintiff's warrant, and the Salem County Superior Court issued the warrant.

[2] Plaintiff does not explicitly state what was written on the piece of paper, and it is not clear to the Court whether the paper confirmed that the warrant for Plaintiff's arrest was in fact "taken care of."

determine whether plaintiff is eligible for pauper status under § 1915(a). Second, the court must 'screen' the complaint under § 1915(e)(2) to ascertain whether it is frivolous, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune to such relief." Levine v. Florida, No. 05-5102, 2005 U.S. Dist. LEXIS 28148, at *1-2 (D.N.J. Nov. 16, 2005) (quoting Roman, 904 F.2d 194 n.1). A complaint is not deemed filed "unless and until" IFP status is granted; only then may a District Court determine if the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Oatess v. Sobolevitch, 914 F.2d 428, 429 n. 1 (3d Cir. 1990).

III. DISCUSSION

A. Plaintiff's Eligibility to Proceed IFP

When reviewing an application to proceed IFP, "the court begins by reviewing the [applicant's] affidavit requesting [IFP] status." Levine, 2005 U.S. Dist. LEXIS 28148, at *2-3 (citations omitted). If it appears to the court that an applicant "lacks sufficient resources, the court may grant [the] request." Id.

Plaintiff submitted a financial affidavit that details his income, expenses, assets, and liabilities. Plaintiff's affidavit states that he is homeless, and the address listed on Plaintiff's affidavit belongs to a homeless shelter in Denver, Colorado. Plaintiff lists $236 in disability benefits from the Department of Veterans Affairs as his only source of monthly income. Plaintiff also states that he spends $236 each month on food, clothing, and other expenses. Plaintiff's affidavit states that he has no assets, and that he does not own any property.

Based on the information provided in Plaintiff's financial affidavit, it appears to the Court that Plaintiff has few resources at his disposal, and therefore it is appropriate to grant Plaintiff's application to proceed IFP.

### B. Plaintiff's Complaint

Having authorized Plaintiff to proceed IFP, the Court may now screen Plaintiff's Complaint "to determine whether it falls within one of the enumerated grounds for dismissal." Levine, 2005 U.S. Dist. LEXIS 28148, at *3. The Court must dismiss, at the earliest practicable time, certain IFP actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Crouch v. Mulvihill, No. 07-0054, 2007 U.S. Dist. LEXIS 41063, at *3 (D.N.J. June 4, 2007).

In determining the sufficiency of a pro se complaint, the Court must construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is considered frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995). A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Furthermore, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

4

Fed. R. Civ. P. 8(a)(2). Thus,

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Here, Plaintiff presents the Court with what seems to be a claim under 28 U.S.C. § 1983 for violation of his Fourth Amendment rights. Section 1983 states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

28 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated as a result of improper incarceration. Because an arrest without probable cause violates the Fourth Amendment to the Constitution, U.S. Const. amend. IV, the Court construes Plaintiff's claim as a false arrest claim under § 1983.

To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Although Plaintiff clearly alleges an arrest, he does not allege grounds upon which the Court could conclude that the arrest was made without probable cause.

Plaintiff does not provide any detail pertaining to how, if at all, his situation in the Salem

5

County Jail was resolved. The Court is left to speculate as to whether or not the 2009 warrant was outstanding. For the purpose of establishing that Plaintiff was arrested without probable cause, that fact is critical and relates to the core of Plaintiff's claim. Moreover, Plaintiff does not allege that he was arrested solely on the basis of a mistaken warrant. Because Plaintiff's false arrest claim would fail if the police arrested him based on an offense unrelated to the allegedly mistaken warrant, Plaintiff fails to allege facts establishing that he was arrested without probable cause.

Nevertheless, pursuant to § 1915, where a pro se complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit an amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Urrutia v. Harrisburg Cnty. Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996); Crouch, 2007 U.S. Dist. LEXIS 41063, at *3-5. If Plaintiff was arrested solely on the basis of a mistaken warrant, Plaintiff may have a Fourth Amendment claim. Because it does not appear "beyond doubt that [P]laintiff can prove no set of facts in support of his claim which would entitle him to relief," the Court may not dismiss the Complaint with prejudice. Haines, 404 U.S. at 521 (citation omitted); Milhouse, 652 F.2d at 373.

C. **Appointment of Pro Bono Counsel**

In the Third Circuit, a Court may appoint pro bono counsel if it determines that "the applicant's claim has merit in law and fact . . . ." Rush v. Horne, No. 09-2439, 2011 U.S. Dist. LEXIS 15171, at *4-5 (D.N.J. Feb. 15, 2011) (quoting Tabron v. Grace, 6 F.3d 147, at 155-56 (3d Cir. 1993)). Then, the Court must determine whether:

> (1) the pro se party lacks the ability to present an effective case without an attorney;

>(2) the legal issues are complex, or the ultimate legal issues are not complex, but the pro se party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentations of the proofs;
>(3) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
>(4) the case is likely to turn on credibility determinations;
>(5) the case will require expert testimony; and
>(6) the party is unable to attain and afford counsel on his/her own behalf.

Tabron, 6 F.3d at 155-56. Because the Court cannot determine whether or not Plaintiff actually presents a valid claim under 28 U.S.C. § 1983, appointment of pro bono counsel is inappropriate at this time. Plaintiff can remedy the factual deficiencies in his Complaint, such as the lack of information pertaining to the validity of the alleged warrant and the ruling of the Salem municipal judge, without the assistance of counsel. Accordingly, Plaintiff's application for pro bono counsel is denied. However, nothing prevents Plaintiff from submitting a new application for pro bono counsel if he chooses to submit an amended complaint.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed IFP is **GRANTED**, and the Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff may submit an amended complaint within twenty (20) days from the date of this Opinion. Finally, Plaintiff's application for the appointment of pro bono counsel is **DENIED**. An appropriate order shall issue.

Dated: 8/5/11        /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge